## In re UNITED BRICK & TILE CO.

### No. 1295.

District Court, D. Delaware.

Oct. 17, 1939.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., for debtor.

Louis S. Hardin (of Pam, Hurd & Reichmann), of Chicago, Ill., and Herbert L. Cohen, of Wilmington, Del., for City Nat. Bank & Trust Co., Chicago, Ill.

Grier D. Patterson (of Winston, Strawn & Shaw), of Chicago, Ill., for H. M. Byllesby & Co.

Flavel Robertson (of Lombardi & Robertson), of Kansas City, Mo., and Daniel F. Wolcott (of Ward & Gray), of Wilmington, Del., for trustees.

Stewart Lynch, of Wilmington, Del., and Wadsworth Watts (of Ross & Watts), of Chicago, Ill., for David F. Noyes.

NIELDS, District Judge.

March 23, 1938, debtor filed its petition under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. Thereafter Daniel B. Mahoney and Irving Warner were appointed trustees. May 26, 1939, an amended plan of reorganization was confirmed. The administration of the estate by the trustees was admirable. There is now available for fees and expenses the sum of approximately $45,000. Before these proceedings were brought Daniel B. Mahoney had a contract with the debtor for an annual salary of $25,000.

David A. Noyes, owner of $131,000 of first mortgage bonds of the debtor, is not seeking an allowance for services but has petitioned for $448.01 as expenses. This includes a claim for reimbursement of $250 paid by Noyes to James M. Delaney, a certified public accountant, for a report on the debtor. This was a personal service to Noyes in which the debtor did not share. It will be disallowed.

Wadsworth Watts and Stewart Lynch petition for an allowance as attorneys for Noyes. Noyes refused to associate himself with other bondholders or to accept the terms accorded them. Through his counsel, Noyes insisted that he be given a preferred status and that the rights of the other bondholders be subordinated. Under the plan he has received $8,250 in cash and $115,000 principal amount of new bonds. He is the only bondholder to be so treated.

Watts and Lynch acted solely in the interest of Noyes. Their services were not rendered in connection with the administration of the estate or in connection with the plan except as they affected Noyes. It should be noted that Noyes purchased his bonds at 60% of their face value within one year of the institution of these proceedings at a cost of $78,500. Under the circumstances Noyes should pay his attorneys' fees and their petitions should be disallowed. H. M. Byllesby & Company was the owner of $131,500 of first mortgage bonds. Neither it nor its counsel have petitioned for an allowance of fees.

The court recognizes that the attendance of the attorneys of both Byllesby and Noyes at the hearings before the court made some contribution to the fair consideration of the plan, and their expenses will be allowed.

The City National Bank and Trust Company of Chicago is not an "indenture trustee" within the meaning of the bankruptcy statute. The bank is a trustee under a collateral trust indenture of the United Brick Corporation. It assumed that trust in 1929 and its duties are there defined. The bringing of this proceeding doubtless caused a default under the collateral indenture and presented problems in connection with that trust. However, those problems have no relation to the administration of this estate. The bank is a pledgee of the common stock of the debtor and the acceptance of the plan was filed by the bank only after a referendum among the collateral trust bondholders. The bank is entitled to a small fee and expenses for the preparation of bondholders lists, telegrams, postage and insurance. The other items of expense are for services under the collateral indenture, many of which were incurred before these proceedings were brought.

Pam, Hurd & Reichmann and Herbert L. Cohen acted as counsel for City National Bank and Trust Company, trustee for United Brick Corporation, which is not a party to these proceedings. The services of these attorneys were for the purpose of advancing the interest of their client and consisted mainly of trading for position. Hardin of that law firm was present with his local associate at the hearings and made some contribution to the plan of reorganization for which they should be compensated.

The following allowances as compensation for services and expenses will be made:

| Petitioner | Fees | Expenses |
|---|---|---|
| Daniel P. Mahoney, Trustee | $22,500.00 | —— |
| Irving Warner, Trustee | 4,000.00 | —— |
| Lombardi & Robertson Attorneys for trustees | 5,000.00 | —— |
| Daniel F. Wolcott, Attorney for trustees | 1,000.00 | 441.69 |
| Richards, Layton & Finger, Attorneys for debtor | 5,500.00 | —— |
| David A. Noyes, Owner of $131,000 of First Mortgage Bonds | —— | 238.01 |
| Wadsworth Watts, Attorney for David A. Noyes | —— | —— |
| Stewart Lynch, Attorney for David A. Noyes | —— | 145.92 |
| H. M. Byllesby & Company Owner of $131,500 First Mortgage Bonds | —— | 536.12 |
| Winston, Strawn & Shaw Attorneys for Byllesby & Co. | —— | 650.80 |
| City National Bank and Trust Company of Chicago, Trustee under Indenture of July 1, 1934 of United Brick Corporation | 500.00 | 81.73 |
| Pam, Hurd & Reichmann Attorneys for City National Bank and Trust Company of Chicago, Trustee | 2,000.00 | 463.31 |
| Herbert L. Cohen Attorney for City National Bank and Trust Company of Chicago, Trustee | 500.00 | 3.88 |

An order may be submitted.